CHANDLER, Justice,
concurring in part and dissenting in part:
¶ 74. I write separately to express my disagreement with the majority’s determination that the hearsay statements by Ellis contained -within the police investigative file were admissible under the public-records exception to the hearsay rule. M.R.E. 803(8)(C). This issue concerns double hearsay and triple hearsay: the police investigative file itself, and Ellis’s statements, contained within the file, made to the investigating officer and to other witnesses who spoke to the investigating officer. While it is the general rule that police reports may be admitted under the public-records exception, it is also true that “hearsay statements by third persons ... are not admissible under this exception merely because they appear within public records.” U.S. v. Mackey, 117 F.3d 24, 28 (1st Cir.1997). To admit such statements, another hearsay exception must apply. See M.R.E. 805 (“[h]earsay included *500 within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules”). The trial court properly determined that no hearsay exception applied to Ellis’s statements, and excluded them from evidence. I would affirm this ruling.[5] I agree with the majority’s holding that the expert testimony of Dr. Glover was unreliable. Therefore, I concur in part and dissent in part.
¶ 75. The scope of this separate opinion is limited to whether the hearsay statements by Ellis and Ellis’s family members were admissible as substantive evidence. At trial, Rebelwood sought to introduce statements Ellis and members of his family had made to officers with the Jackson Police Department by introducing components of the investigative file that contained these statements. Mississippi Rule of Evidence 803(8) provides:
Public Records and Reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.
M.R.E. 803(8) (emphasis added). According to the comments prepared by the advisory committee on Federal Rule of Evidence 803(8), the “[j]ustification for the exception is the assumption that a public official will perform his duty properly and the unlikelihood that he will remember details independently of the record.” F.R.E. 803(8) cmt.
¶ 76. In Beech Aircraft v. Rainey, 488 U.S. 153, 169-70, 109 S.Ct. 439, 449-50, 102 L.Ed.2d 445 (1988), the United States Supreme Court held that the provision of Federal Rule of Evidence 803(8)(C) that permitted the admission of “factual findings” encompassed opinions and conclusions, as well as facts. The issue of double hearsay was not before the Beech court. The Fifth Circuit has devised a three-part test for the admissibility of reports under Rule 803(8)(C): (1) that the record sought to be admitted must be made from matters within the firsthand knowledge of the official making the record or his agent, or someone with a duty to report the matter to a public official; (2) the report must have been prepared pursuant to a duty imposed by law; and (3) the reports offered must not indicate a lack of trustworthiness. U.S. v. Central Gulf Lines, Inc., 974 F.2d 621, 626 (5th Cir.1992). The Court cited the nonexclusive, four-factor test for trustworthiness devised by the advisory committee and cited in Beech: (1) the timeliness of the investigation, (2) the investigator’s skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation. Id. at 627 (citing Beech, 488 U.S. at 168 n. 11, 109 S.Ct. 439).
¶ 77. It is well-established that hearsay statements are not automatically admissible by virtue of their appearance within an *501 investigative report. Mackey, 117 F.3d at 28. The emphasis for admissibility under Rule 803(8) focuses on the extent to which the report reflects the firsthand knowledge or observation of the investigator. This requirement of firsthand knowledge dovetails with the Rule’s requirement of trustworthiness; therefore, as a general rule, “hearsay statements by third persons ... are not admissible under this exception merely because they appear within public records.” Id. “This is the same ‘hearsay within hearsay’ problem that is familiar in many contexts.” Id. at 28-29; see M.R.E. 805. “Investigative findings fit the [Rule 803(8) ] exception even if they rest on outsider statements, but the exception does not permit use of the statements themselves to prove what they assert.” Christopher B. Mueller and Laird C. Kirkpatrick, Evidence 863-64 (3d ed.2003).
¶78. The advisory committee’s comments to Federal Rule of Evidence 803(8) state that “[pjolice reports have generally been excluded except to the extent to which they incorporate firsthand observations of the officer.” F.R.E. 803(8) cmt. Accordingly, courts routinely have struck hearsay not within an exception from investigative reports prior to admission of the reports into evidence. U.S. v. Pagan-Santini, 451 F.3d 258, 264 (1st Cir.2006); EMK, Inc. v. Fed. Pac. Elec. Co., 677 F.Supp.2d 334, 337 (D.Me.2010); see M.R.E. 805. Courts also have held that an investigative report that otherwise would have been admissible as a public record was inadmissible because it primarily consisted of a transcript of hearsay statements received during the investigation. U.S. v. Ortiz, 125 F.3d 630, 632 (8th Cir.1997); U.S. v. D'Anjou, 16 F.3d 604, 610-11 (4th Cir.1994). This Court also has recognized that “there may be notations in ... a [police] report which are recitations of statements of others, and would be inadmissible even though the officer were present in court testifying.” Copeland v. City of Jackson, 548 So.2d 970, 975-76 (Miss.1989).
¶ 79. In its brief, Rebelwood essentially admits that Rule 803(8) is inapplicable to Ellis’s statements by arguing that another hearsay exception or exclusion had to apply in order to admit those statements into evidence. Rebelwood states that: “[pjolice reports generally are admissible under Miss. R. Evid. 803(6) ... or 803(8),” and “[defendants examine the admissibility of the information obtained from Ellis without regard to whether that information is communicated through the statement itself, the police investigative reports, the Underlying Facts and Circumstances presented to the District Attorney, or through the testimony of police officers.” Rebel-wood then proceeds to brief the Court on whether the statements were admissible under Rule 804 or under the Rule 803(24) catch-all exception.
¶ 80. The majority does not address Rebelwood’s arguments, finding that Ellis’s statements to the police, although constituting hearsay not within an exception, met the trustworthiness requirement of Rule 803(8) because he also had made similar corroborating statements close in time to his mother, uncle, and cousin. In my opinion, the fact that a murder suspect made similar statements on different occasions is, at best, only minimal corroboration of the statements’ contents. Further, the officers’ recounting of what each family member reported that Ellis had said constituted triple hearsay. Thus, the corroborating evidence relied upon by the majority was in the form of triple hearsay contained within the same police reports. Moreover, the corroboration cited by the majority pales in light of other information in the investigative file that indicated the untrustworthiness of Ellis’s statements concerning the shooting. This information *502 was in the crime-scene report, which stated that Coleman was killed by a close-contact gunshot wound, refuting Ellis’s claim of accident. Thus, Ellis’s statements were cast into doubt, not corroborated, by other evidence in the file. There is no compelling reason to single out Ellis’s statement about where the shooting occurred as being more trustworthy than the rest of his hearsay declarations.
¶ 81. As this Court previously has recognized, hearsay is not absolved of un-trustworthiness by its appearance in a police report. Copeland, 548 So.2d at 975-76. Ellis’s statements within the report were hearsay to which no exception applied. Therefore, the trial court’s ruling was a correct application of our Rules of Evidence and did not constitute an abuse of discretion. I respectfully concur in part and dissent in part.

. I do not address the majority’s analysis of the impeachment issue because I agree with the majority's analysis of that issue.